IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBIE ROBINSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:25-cv-4925 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Barbie Robinson ("Plaintiff" or "Robinson"), files her Original Complaint, complaining of Defendant Harris County, Texas ("Defendant" or "Harris County") for violations of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. 2000e as amended et. seq., and the Family Medical and Leave Act ("FMLA"). Robinson demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorney and attorneys' fees for the adverse actions suffered by Robinson due to Defendant taking such adverse employment actions against her in violation of Title VII and the FMLA.

### SUMMARY

1.  Robinson was the executive director for Harris County Public Health ("HCPH"), a nationally accredited public health agency for the nation's third-largest county servicing a population of approximately five million people. Robinson made multiple reports to her direct supervisor, Harris County Administrator Diana Ramirez ("Ramirez"), and Harris County human resources officials about the discriminatory motived conduct she was subjected to by Harris County Commissioner Adrian Garcia and was terminated in retaliation shortly thereafter.

1

2. Ramirez told Robinson her termination was because Ramirez lost confidence in Robinson's ability to perform her job effectively. This is hard to believe because, in her role, Robinson's contributions to Harris County transcended multiple levels of the organization, where she implemented nationally recognized programs with measurable operational and financial success. More importantly, numerous members of Harris County Commissioner's Court have lauded Robinson's performance in her role as executive director for HCPH. This, among other things, undermines the claim that Robinson was unable to perform her duties effectively, rendering Ramirez's justification for her termination pretextual.

3. Throughout her tenure, Robinson consistently received excellent performance feedback from her direct supervisor, regular praise from key stakeholders, and was never cited for any performance issues. Her termination was not based on job performance, but was instead the result of discrimination and retaliation for reporting discriminatory conduct and requesting job-protected leave.

**PARTIES**

4. Plaintiff Barbie Robinson is an adult individual and a citizen of the United States and the State of Texas, who currently resides in Houston, Harris County, Texas. At all times relevant to this action, she was an employee of Harris County.

5. Defendant Harris County, Texas, is a government entity located within the boundaries of Harris County and was an employer, as that term is defined in Title VII and the FMLA at the time the alleged acts of discrimination and retaliation occurred. Defendant Harris County may be given written notice by certified or registered mail to County Judge, Lina Hildalgo, at Harris County Judge Lina Hildalgo, 1001 Preston, Suite 911, Houston, Texas 77002, and its

county attorney, Christian Menefee, Harris County Attorney's Office, at 1019 Congress, 15th Floor, Houston, Texas 77002.

6. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

7. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII. Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICTION AND VENUE

8. Jurisdiction is invoked pursuant to 28. U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and 29 U.S.C. § 2612.

9. The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

10. Plaintiff has completed all conditions precedent to filing this suit. Plaintiff timely filed a charge of discrimination (*EEOC Charge No.* 460-2025-01226) with the Equal Employment Opportunity Commission ("EEOC"), on November 12, 2024, to challenge the discrimination and retaliation suffered. Plaintiff received a right to sue letter from the EEOC on August 11, 2025 fewer than ninety days before filing this suit and timely files this lawsuit to vindicate her rights. Plaintiff has exhausted all applicable administrative remedies.

**FACTUAL BACKGROUND**

11. From March 2021 through August 30, 2024, Robinson was employed by Harris County as the executive director for Harris County Public Health. During her tenure at HCPH, Robinson directed the county's public health agency servicing approximately five (5) million people throughout Harris County. Robinson has been consistently recognized for leading collaborative efforts to address health disparities, health improvement and health equity throughout her career and tenure at HCPH.

12. HCPH is a public health agency that focuses on protecting health, preventing disease, and promoting community well-being through a myriad of services. HCPH provides low-cost clinical and preventive health services, responds to public health emergencies like disease outbreaks and natural disasters, while promoting environmental safety.

13. While at HCPH, Robinson was tasked with overseeing numerous divisions including, but not limited to, Community Health and Wellness Division, Community Health and Violence Prevention Services Division, and the Public Health Preparedness and Response Division. Robinson was lauded on numerous occasions by the Harris County Commissioner's Court for her work in policy development, research, and her innovative and strategic responses to the evolving public health challenges faced by Harris County residents. Several programs that Robinson developed and implemented continue to be utilized by Harris County following her termination.

14. Despite her successes in her position at HCPH, Commissioner Adrian Garica decided to engage in a crusade against Robinson rooted in racial discrimination and harassment. In August 2022, Commissioner Garcia began engaging in disparate treatment, macro- and micro-aggressions towards Robinson because her race, African American.

15. Commissioner Garcia would hold Robinson to a different performance standard in comparison to her non-African American counterparts in his evaluation of Robinson's performance. Commissioner Garcia routinely declined to support health and gender-related programming specifically designed to address the needs of the African American community in Harris County. On multiple occasions, Commissioner Garcia stated that his support would be limited to health initiatives only directed towards the Hispanic community. Robinson repeatedly communicated to Commissioner Garcia that his conduct was discriminatory and counterproductive to the overarching objective of delivering equitable and effective public health services and programming to all underserved communicates across Harris County. On one such occasion, in the presence of Ramirez, Robinson expressly informed Commissioner Garica that his actions constituted ongoing racially motivated discriminatory and hostile conduct. Despite these complaints, Commissioner Garcia's conduct persisted, and Ramirez failed to initiate any investigation or corrective action in response.

16. On another instance, Commissioner Garcia attend a veterinary health program for the sole purpose to falsely accuse Robinson and refusing to provide health programs for Hispanic communities. In response, Robinson provided and shared data highlighting various initiatives targeted to the Hispanic community. Despite receiving unequivocal evidence supporting Robinson's prioritization of the Hispanic community programs, Commissioner Garcia began publicly disparaging Robinson's performance and called for her removal from spearheading programs such as the guaranteed income program and replacing Robinson with non-African American individuals.

17. Commissioner Garcia subjected Robinson to increased surveillance requiring her to frequently meet with his Chief of Staff, a requirement not imposed on similarly situated non-

African American leaders. During these meetings, Commissioner Garcia's Chief of Staff reiterate that Garcia's treatment was racially motivated and that he believed Robinson was not implementing enough program solely for the Hispanic community.

18. Robinson raised complaints to Ramirez on a number of occasions concerning Garica's racially discriminatory and harassing conduct. Despite Robinson's complaints, Ramirez refused to take any action to remedy the discriminatory and harassing conduct Robinson was being subjected to.

19. Because of Ramirez's inaction, on June 14, 2024, Robinson submitted a written complaint of discrimination through email and submitted a Human Resources & Risk Management ("HRRM") complaint referral form to Erika Owens, Harris County Director of Human Resources. In her complaint, Robinson opposed and highlighted the racial, gender, and age discrimination she was subjected to while employed with Harris County.

20. In August 2024, Robinson sought job-protected leave pursuant to the Family and Medical Leave Act due to her serious health condition, including stress and anxiety. After submitting the necessary documentation to Human Resources, Robinson's request for FMLA leave was approved. Despite being aware of Robinson's approved FMLA status, Ramirez requested that Robinson attend a work meeting to present to the County Judge during the State of the County Luncheon. Ramirez continued to send work-related emails and requests for Robinson's participation in work-related events during her FMLA leave, resulting in repeated contacts and non-minimal disruptions, in violation of the protections afforded under the FMLA.

21. On August 30, 2024, Harris County terminated Robinson's employment while she was on FMLA leave and less than three months following her HRRM discrimination complaint. Ramirez cited her loss of confidence in Robinson's ability to effectively do her job as the reason

for her termination. Robinson's employment would not have been terminated if she was not an African American individual who recently engaged in protected activity when she made complaints of discrimination and took job-protected leave.

## CAUSES OF ACTION

22. <u>Title VII Race Discrimination</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964 when it subjected Robinson to disparate treatment because of her race, African American.

23. <u>Title VII Retaliation</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964 when it retaliated against Robinson for engaging in a protected activity in making complaints of discrimination.

24. <u>FMLA Interference</u> – Based on the above facts, Defendant violated the Family and Medical Leave Act when it denied and interfered with Robinson's entitlement to her FMLA benefit.

25. <u>FMLA Retaliation</u> – Based on the above facts, Defendant violated the Family and Medical Leave Act and retaliated against Robinson for engaging in protected activity in taking FMLA leave.

## DAMAGES

26. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

   a. Loss of wages and benefits, including front pay and back pay,

   b. Humiliation and embarrassment among coworkers and others,

   c. Mental anguish and emotional distress,

   d. Liquidated damages,

    d.       Sustained damage to Plaintiff's credibility, and

    e.       Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

27.    Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 2202 Ruth Street, Houston, Texas 77004 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

28.    Plaintiff hereby requests a jury trial for all claims

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    a.       Declare that the acts and practices described in this Complaint are in violation of Plaintiff's rights;

    b.       Enjoining and permanently restraining the Defendant from engaging in such conduct;

    c.       Directing Defendant to pay Plaintiff actual and compensatory damages that she suffered, past and future;

    d.       Ordering Defendant to pay Plaintiff back pay and front pay and benefits;

    e.       Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

    f.       Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

    g.       Awarding Plaintiff punitive damages to be determined by the trier of fact;

    h.    Awarding Plaintiff liquidated damages;

    i.    Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

    j.    Awarding Plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Barbie Robinson