IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBIE ROBINSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:25-cv-4925 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Barbie Robinson ("Plaintiff" or "Robinson"), files her First Amended Complaint, complaining of Defendant Harris County, Texas ("Defendant" or "Harris County") for violations of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. 2000e as amended et. seq., and the Family Medical and Leave Act ("FMLA"). Robinson demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorney and attorneys' fees for the adverse actions suffered by Robinson due to Defendant taking such adverse employment actions against her in violation of Title VII and the FMLA. Robinson hereby files her First Amended Complaint in response to Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Doc. No. 8) and the Court's December 29, 2025 Order (ECF Doc. No. 12).

**SUMMARY**

1. Robinson was the executive director for Harris County Public Health ("HCPH"), a nationally accredited public health agency for the nation's third-largest county servicing a population of approximately five million people. Robinson made multiple reports to her direct supervisor, Harris County Administrator Diana Ramirez ("Ramirez"), and Harris County human

1

resources officials about the discriminatory motived conduct she was subjected to by Harris County Commissioner Adrian Garcia ("Commissioner Garcia") and was terminated shortly thereafter while on FMLA leave.

2. Ramirez told Robinson her termination was because Ramirez lost confidence in Robinson's ability to perform her job effectively. This is hard to believe because, in her role, Robinson's contributions to Harris County transcended multiple levels of the organization, where she implemented nationally recognized programs with measurable operational and financial success. More importantly, numerous members of Harris County Commissioners Court have lauded Robinson's performance in her role as executive director for HCPH. This, among other things, undermines the claim that Robinson was unable to perform her duties effectively, rendering Ramirez's justification for her termination pretextual.

3. Throughout her tenure, Robinson consistently received excellent performance feedback from her direct supervisor, regular praise from key stakeholders, and was never cited for any performance issues. Her termination was not based on job performance, but was instead the result of discrimination and retaliation for reporting discriminatory conduct and requesting job-protected leave.

**PARTIES**

4. Plaintiff Barbie Robinson is an adult individual and a citizen of the United States and the State of Texas, who currently resides in Houston, Harris County, Texas. At all times relevant to this action, she was an employee of Harris County.

5. Defendant Harris County, Texas, is a government entity located within the boundaries of Harris County and was an employer, as that term is defined in Title VII and the FMLA at the time the alleged acts of discrimination and retaliation occurred. Defendant Harris

County may be given written notice by certified or registered mail to County Judge, Lina Hildalgo, at Harris County Judge Lina Hildalgo, 1001 Preston, Suite 911, Houston, Texas 77002, and its county attorney, Christian Menefee, Harris County Attorney's Office, at 1019 Congress, 15th Floor, Houston, Texas 77002.

6. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

7. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII. Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICTION AND VENUE

8. Jurisdiction is invoked pursuant to 28. U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and 29 U.S.C. § 2612.

9. The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

10. Plaintiff has completed all conditions precedent to filing this suit. Plaintiff timely filed a charge of discrimination (*EEOC Charge No.* 460-2025-01226) with the Equal Employment Opportunity Commission ("EEOC"), on November 12, 2024, to challenge the discrimination and retaliation suffered. Plaintiff received a right to sue letter from the EEOC on August 11, 2025 fewer than ninety days before filing this suit and timely files this lawsuit to vindicate her rights. Plaintiff has exhausted all applicable administrative remedies.

## FACTUAL BACKGROUND

11. From March 2021 through August 30, 2024, Robinson was employed by Harris County as the executive director for Harris County Public Health. During her tenure at HCPH, Robinson directed the county's public health agency servicing approximately five (5) million people throughout Harris County. Robinson has been consistently recognized for leading collaborative efforts to address health disparities, health improvement and health equity throughout her career and tenure at HCPH.

12. HCPH is a public health agency that focuses on protecting health, preventing disease, and promoting community well-being through a myriad of services. HCPH provides low-cost clinical and preventive health services, responds to public health emergencies like disease outbreaks and natural disasters, while promoting environmental safety.

13. Prior to being hired as the new executive health director, Robinson served as the Director of the Department of Health Services in Sonoma County, California for four years. Before working for Sonoma County, Robinson spent fifteen years at the Centers for Medicare & Medicaid Services, overseeing the administration of federal healthcare programs as the associate Regional Administrator. Robinson graduated from Middlebury College with a Bachelor of Arts, received a Master's of Public Policy from Georgetown University, and a Juris Doctor from George Washington University School of Law.

14. Based on Robinson's education and prior experience, Robinson was more than qualified for the executive director position for HCPH. On March 9, 2021, Harris County Judge Lina Hidalgo further evidenced Robinson's qualifications when she announced on Twitter Robinson's selection. Hidalgo stated:

"NEW: We're proud to announce Barbie Robinson as Harris County's new Public Health Director. She was selected after an incredibly thorough search, and I'm confident she'll tackle the toughest public health challenges in our region with ambition, mastery and creativity. Welcome!"[1]

15. While at HCPH, Robinson was tasked with overseeing numerous divisions including, but not limited to, Community Health and Wellness Division, Community Health and Violence Prevention Services Division, and the Public Health Preparedness and Response Division. While Robinson was lauded on numerous occasions by the Harris County Commissioner's Court for her work in policy development, research, and her innovative and strategic responses to the evolving public health challenges faced by Harris County residents. Several programs that Robinson developed and implemented continue to be utilized by Harris County following her termination.

16. In her role as executive director of HCPH, Robinson reported directly to Harris County Administrator Diana Ramirez ("Ramirez"). Ramirez reported to directly to Harris County Commissioners Court. Harris County Commissioners Court is the governing body of Harris County, Texas and performs its legislative and executive functions. Lina

17. Despite her successes in her position at HCPH, Commissioner Adrian Garica decided to engage in a crusade against Robinson rooted in racial discrimination and harassment. In August 2022, Commissioner Garcia began engaging in disparate treatment, macro- and micro-aggressions and divisive workplace conduct towards Robinson because her race, African American.

18. Specifically, from August 2022 until her termination, Commissioner Garcia continuously held Robinson to a different performance standard in comparison to her non-African

---

[1] https://x.com/LinaHidalgoTX/status/1369464035993935874?s=20

American counterparts in his evaluation of Robinson's performance. Commissioner Garcia systematically declined to allocate financial resources toward health and gender-related initiatives tailored for the needs of the African American community in Harris County. Commissioner Garcia's omission adversely impacted Robinson's performance of her professional duties specifically actions resulted in detrimental adverse effects on Robinson's implementation of her programming she was tasked with developing and implementing. During this period, Commissioner Garcia explicitly stated that his support and programming funding approval would be limited to health initiatives only directed towards the Hispanic community. Commissioner Garcia's statements and discriminatory conduct adversely impacted Robinson's professional duties and obstructed the implementation of her assigned programming.

19. Robinson repeatedly communicated to Commissioner Garcia that his conduct was discriminatory and counterproductive to the overarching objective of delivering equitable and effective public health services and programming to all underserved communities across Harris County. On one such occasion, in the presence of Ramirez, Robinson expressly informed Commissioner Garica that his actions constituted ongoing racially motivated discriminatory and hostile conduct. Despite these complaints, Commissioner Garcia's conduct persisted, and Ramirez failed to initiate any investigation or corrective action in response.

20. On another instance, Commissioner Garcia attend a veterinary health program for the sole purpose to falsely accuse Robinson and refusing to provide health programs for Hispanic communities. In response, Robinson provided and shared data highlighting various initiatives targeted to the Hispanic community. Despite receiving unequivocal evidence supporting Robinson's prioritization of the Hispanic community programs, Commissioner Garcia began publicly disparaging Robinson's performance and called for her removal from spearheading

programs such as the guaranteed income program and replacing Robinson with non-African American individuals.

21. Commissioner Garcia further subjected Robinson to heightened surveillance by requiring frequent status meetings with the Commissioner Garcia's Chief of Staff regarding program implementation – a requirement not imposed on other executive directors reporting to Ramirez, including Rick Noriega ("Noriega"), a Hispanic individual, Roberto Trevino ("Trevino"), Hispanic individual, Tina Petersen ("Petersen"), Caucasian individual, and Dr. Milton Rahman ("Rahman"), Indian individual.

22. During the May 2024 Commissioners Court meeting, Commissioner Garcia removed Robinson from her role managing the County's Holistic Assistance Response Team ("HART") program and transferred those responsibilities to Ramirez. Additionally, Commissioner stripped Robinson of her oversight responsibilities of the Guaranteed Income Program, transferring it to Estella Gonzalez, a Hispanic individual. The removal of Robinson's core job responsibilities adversely altered the fundamental terms and conditions of Robinson's employment.

23. Robinson raised complaints to Ramirez on a number of occasions concerning Garica's racially discriminatory and harassing conduct. Despite Robinson's complaints, Ramirez refused to take any action to remedy the discriminatory and harassing conduct Robinson was being subjected to.

24. Because of Ramirez's inaction, on June 14, 2024, Robinson submitted a written complaint of discrimination through email and submitted a Human Resources & Risk Management ("HRRM") complaint referral form to Erika Owens ("Owens"), Harris County Director of Human Resources. In her complaint, Robinson opposed and highlighted the racial, gender, and age

discrimination she was subjected to while employed with Harris County. Specifically, Robinson complained about the disparate treatment she was subjected to in comparison to Noriega, Trevino, Peterson, and Rahman. Robinson further communicated to Owens that she had previously reported this matter to Ramirez on various occasions. The nature and substance of Robinson's HRRM complaint was communicated to Ramirez by Robinson in June 2024 and by the third-party investigating firm who interviewed Ramirez in June 2024 regarding the Robinson's discrimination and retaliation claims.

25. In July 2024, Robinson sought job-protected leave pursuant to the Family and Medical Leave Act due to her serious health condition, including stress and anxiety. After submitting the necessary documentation to Human Resources, Robinson's request for FMLA leave was approved. Despite being aware of Robinson's approved FMLA status, Ramirez requested that Robinson attend a work meeting to present to the County Judge during the State of the County Luncheon while on FMLA leave. Ramirez continued to send work-related emails and requests for Robinson's participation in work-related events during Robinson's FMLA leave, including requiring Robinson participate in Harris County Commissioners Court on August 27, 2024, resulting in repeated contacts and non-minimal disruptions, in violation of the protections afforded under the FMLA.

26. On August 28, 2024, while Robinson was still on FMLA, Ramirez again demanded Robinson participate in a work-related meeting where Ramirez questioned Robinson regarding certain programming

27. On August 30, 2024, Ramirez terminated Robinson's employment while she was on FMLA leave and less than three months following her HRRM discrimination complaint. In a statement sent to ABC 13, Ramirez stated, in relevant part:

"Today, I made the difficult decision to dismiss Barbie Robinson from her role as Executive Director of Harris County Public Health… Deputy County Administrator Leah Barton will step in as Interim Executive Director of Harris County Public Health."[2]

28. Following Robinson's termination, Ramirez made the decision to replace Robinson with Leah Barton, a Caucasian individual. Robinson was replaced by an individual that was outside of her protected class.

29. Harris County's stated justification for Robinson's termination is factually unsupported and serves as pretext to mask unlawful conduct. Specifically, Ramirez's subjective claim of "loss of confidence" in Robinson's performance is directly contradicted by Judge Hidalgo – Ramirez's supervisor – who stated publicly that "Robinson should have never been fired."



These irreconcilable accounts demonstrate that the proffered reasons for termination are pretextual and that the decision was actually motivated by discriminatory and retaliatory intent.

---

[2] https://abc13.com/post/harris-county-public-health-director-barbie-robinson-relieved-duty-after-investigation-6-million-contract/15248484/

9

30. Ramirez's subjective and contradictory statements demonstrate that the stated grounds for Robinson's termination were pretextual. These inconsistencies indicate that Robinson's termination was actually motivated by discrimination and retaliation, in violation of Robinson's federally protected rights.

31. Ramirez admittedly stated in Robinson's termination letter that the decision to terminate Robinson's employment was made in part because Robinson was unavailable to answer questions at Harris County Commissioners Court on August 27, 2024 while out on FMLA leave. Ramirez further cited Robinson failure to engage in substantial work to ensure other members of the Public Health Department was available to answer the Commissioners' questions while out on FMLA. Ramirez again references another required meeting Robinson was required to participate in on August 28, 2024 while on FMLA.

32. The pretextual nature of Ramirez's proffered reasons for Robinson's termination are further evidenced by Ramirez's disparate treatment in the application of a purported rule violation and continued false statements. Robinson's Yuba County contract work was approved by former Harris County Administrator David Berry and was communicated to Ramirez when she assumed the Harris County Administrator role in April 2023. Even more problematic is the disparate application of this purported rule violation. Ramirez had knowledge that Noriega engaged in contract work for Noreiga and Associates while employed with the County but was able to retain his employment.

33. Robinson's employment would not have been terminated if she was not an African American individual who recently engaged in protected activity when she made complaints of discrimination, as recent as June 14, 2024, and took job-protected leave beginning in early August

2024. Robinson a long-tenured executive with no documented performance deficiencies or disciplinary actions was terminated and replaced by a non-African American individual.

## CAUSES OF ACTION

34. <u>Title VII Race Discrimination</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964 when it subjected Robinson to disparate treatment because of her race, African American.

35. <u>Title VII Retaliation</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964 when it retaliated against Robinson for engaging in a protected activity in making complaints of discrimination.

36. <u>FMLA Interference</u> – Based on the above facts, Defendant violated the Family and Medical Leave Act when it denied and interfered with Robinson's entitlement to her FMLA benefit.

37. <u>FMLA Retaliation</u> – Based on the above facts, Defendant violated the Family and Medical Leave Act and retaliated against Robinson for engaging in protected activity in taking FMLA leave.

## DAMAGES

38. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

   a. Loss of wages and benefits, including front pay and back pay,

   b. Humiliation and embarrassment among coworkers and others,

   c. Mental anguish and emotional distress,

   d. Liquidated damages,

   d. Sustained damage to Plaintiff's credibility, and

  e.  Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

39. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 2202 Ruth Street, Houston, Texas 77004 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

40. Plaintiff hereby requests a jury trial for all claims

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

  a.  Declare that the acts and practices described in this Complaint are in violation of Plaintiff's rights;

  b.  Enjoining and permanently restraining the Defendant from engaging in such conduct;

  c.  Directing Defendant to pay Plaintiff actual and compensatory damages that she suffered, past and future;

  d.  Ordering Defendant to pay Plaintiff back pay and front pay and benefits;

  e.  Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

  f.  Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

  g.  Awarding Plaintiff punitive damages to be determined by the trier of fact;

  h.  Awarding Plaintiff liquidated damages;

i. Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

j. Awarding Plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Barbie Robinson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via ECF notification on this the 15th day of January, 2026, to all counsel of record.

 /s/ Chukwudi Egbuonu
Chukwudi Egbuonu